IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODRIQUES SIMPSON, #284700,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACT. NO. 2:20-cv-528-ECM |
| ) | (WO) |
| JOHN Q. HAMM, *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Recommendation of the Magistrate Judge (doc. 54) recommending that the Defendants' motion for summary judgment (doc. 26) be denied with respect to the Plaintiff's equal protection claim. On August 30, 2023, the Defendants filed objections to the Recommendation. (Doc. 55).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a

finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Defendants' objections. To the extent the Defendants make conclusory objections, these objections are reviewed for clear error and are due to be overruled.

The Defendants first object to the Magistrate Judge's conclusion that the record fails to show that the Plaintiff and his female comparators are not similarly situated. The Defendants merely restate the arguments they previously raised to the Magistrate Judge, which were addressed in the Report and Recommendation. Moreover, although the Defendants cite decisions from the Eighth Circuit Court of Appeals and the Northern District of Georgia where courts found that male and female inmates were not similarly situated, the Defendants cite no binding authority in support of their position, nor do they otherwise show that the Magistrate Judge committed any legal or factual error. Accordingly, this objection is due to be overruled.

Second, the Defendants object to the Magistrate Judge's conclusion that "there is little exceedingly persuasive evidence that the challenged classification policy furthers Defendants' stated objectives or is the driver of the actual purpose on which the challenged action is based." (Doc. 54 at 16). The Defendants contend that their policy "was developed in part because of the differences between male and female inmates in behavior, criminal motivation, and opportunity," and that they "outlined evidence that male inmates are far

more likely to recidivate, attempt to escape, and commit violent acts when assigned to community custody or work release programs." (Doc. 55 at 3). The Defendants also assert that the classification "considers ADOC's valid penological interest in ensuring that their female offender population has classification policies that are gender-based and trauma-informed." (*Id.* at 4). This argument and evidence was presented to the Magistrate Judge and addressed in the Recommendation, and the Defendants' objection fails to show that the Magistrate Judge erred. Moreover, the Magistrate Judge explained that the Defendants' proffered reasons for their disparate treatment of male and female inmates are "overbroad[,] making it difficult to discern a *substantial* relationship between the purported justifications [and] important governmental interests." (Doc. 54 at 17) (emphasis added). The Defendants do not even attempt to argue that the challenged policy is *substantially* related to the achievement of their stated objectives, which is required for the policy to survive intermediate scrutiny review. *See United States v. Virginia*, 518 U.S. 515, 523 (1996). Additionally, the Defendants fail to explain or provide evidence as to why male offenders must be *categorically excluded from eligibility* for minimum-community status based on their purported differences from female offenders. Accordingly, this objection is due to be overruled.

Third, the Defendants object to the Magistrate Judge's conclusion that the "Defendants' evidence has not adequately demonstrated that the challenged exclusionary policy serves an important government interest or that the justifications proffered in this regard are 'exceedingly persuasive.'" (Doc. 54 at 17). The Defendants contend that their "additional classification regarding male homicide offenders serves an important

3

governmental interest because it is a response to the higher recidivism rate, higher rate of violence, and higher escape rate displayed by male inmates in contrast with female inmates." (Doc. 55 at 4).  This argument and evidence was presented to the Magistrate Judge and addressed in the Recommendation, and the Defendants' objection fails to show that the Magistrate Judge erred.  Moreover, the Defendants fail to explain or provide evidence that the aforementioned data could not be taken into account in the initial review process or on a case-by-case basis, which undermines the contention that their proffered justifications are "exceedingly persuasive."  Accordingly, this objection is due to be overruled.

     Fourth, the Defendants object to a statement in the Recommendation concerning the ineligibility of both male and female sex offenders for minimum-community status, arguing that sex offenders are treated differently from all other offenders and that comparing sex offenders and inmates with homicide convictions is a false equivalence and irrelevant to the issues in this case.  The objected-to statement was merely an observation made to highlight that disparate treatment of male and female offenders can vary in scope and impact, and the Court must therefore be presented with sufficient evidence regarding a challenged policy to assess whether it violates the Equal Protection Clause.  Even disregarding the objected-to statement, it would not change the underlying conclusion that the Defendants have not demonstrated their entitlement to summary judgment on the Plaintiff's equal protection claim.  Accordingly, this objection is due to be overruled.

     Finally, the Defendants complain that the Plaintiff offered no evidence besides his own opinion to rebut the Defendants' evidence.  To clarify, the Defendants bore the initial

burden to establish no genuine dispute of material fact, thereby entitling them to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Therefore, in moving for summary judgment, the Defendants bore the initial burden to establish that male and female homicide offenders are not similarly situated, that their gender-based policy serves important governmental objectives, and that the policy is substantially related to achieving those objectives. The Court finds that the Defendants failed to meet their burden. Therefore, the Magistrate Judge's recommendation is due to be adopted, with modification that the Defendants failed to meet their initial summary judgment burden.

In conclusion, the Court agrees with the Magistrate Judge that the Defendants' motion for summary judgment is due to be denied.

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows that:

1. The Defendants' objections (doc. 55) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 54) is ADOPTED, as modified above;

3. The Defendants' Answer and Special Report (doc. 26) is construed as a motion for summary judgment, and the motion for summary judgment (doc. 26) is DENIED;

4. The Plaintiff's equal protection claim will proceed to a jury trial.

This case will be set for a jury trial by separate order.

DONE this 29th day of September, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE